UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOBSOHIO, | : |
| | : |
| Plaintiff, | : Case No. 2:21-cv-3680 |
| | : |
| v. | : Chief Judge Algenon L. Marbley |
| | : |
| EMKEY ENERGY, LLC, and | : Magistrate Judge Elizabeth P. Deavers |
| OIVIND RISBERG, | : |
| | : |
| Defendants. | : |

**OPINION & ORDER**

This matter is before the Court on Defendant Risberg's Motion to Set Aside an Entry of Default and for Leave to File Answer (ECF No. 10). For the reasons that follow, Defendant Risberg's Motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff, JobsOhio, filed this suit on June 18, 2021, to recover funds loaned to Defendant Emkey Energy, LLC ("Emkey") and personally guaranteed by its CEO, Oivind Risberg. (ECF No. 1 ¶¶ 2, 5). Per the Complaint, Plaintiff loaned $4 million to an affiliate of Emkey in 2017 to construct a pipeline; but, at the time of filing, Emkey had not made a payment in over 8 months. (*Id.* ¶¶ 2–3). Plaintiff alleges that Emkey breached the loan agreement and promissory note, and that Defendant Risberg breached his personal guaranty to extend credit to Emkey for repayment. (*Id.* ¶¶ 22, 26, 28).

Plaintiff sent a request for waiver of service via e-mail to defense counsel on June 22, 2021. (ECF No. 11-1, Ex. 1). Defense counsel waived service for Emkey via e-mail on July 12, 2021; in the same correspondence, counsel stated that "Mr. Risberg will not waive service" and notified Plaintiff that "[h]e does not reside in the United States and will need to be served." (*Id.*, Ex. 2).

Emkey filed an Answer to the Complaint on August 20, 2021 (ECF No. 7), so the instant Opinion pertains only to Defendant Risberg.

The Clerk of Courts issued Defendant Risberg a summons and a copy of the Complaint on July 15, 2021, via certified mail to his Erie, Pennsylvania address. (ECF No. 4). Under the personal guaranty he had executed with Plaintiff, Defendant Risberg agreed to accept service via certified mail to that address. (ECF No. 1-6 ¶¶ 16, 23b). The Summons and Complaint were served on July 22, 2021, making Defendant Risberg's answer due August 12, 2021. (ECF No. 6). After Defendant Risberg failed to move or plead in response to the Complaint, Plaintiff applied to the Clerk for an Entry of Default on August 25, 2021. (ECF 8). The Clerk entered default against Defendant Risberg on August 26, 2021, pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 9).

Later that day, Defendant Risberg moved to set aside the Entry of Default under Rule 55(c), attaching his proposed Answer as an exhibit. (ECF No. 10). Plaintiff filed a response in opposition (ECF No. 11), and Defendant filed a reply (ECF No. 12). The matter now is ripe for adjudication.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 55(c), a party may move to set aside an entry of default "for good cause." On such a motion, the Court must consider "'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter*, 705 F.2d at 846 (internal quotation marks omitted).

### A. Willful Default

The court in *Dassault Systemes* analyzed the willfulness factor as "culpability," which is present when "'the conduct of a defendant . . . display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." 663 F.3d at 841 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1996)).

Defendant Risberg argues that his failure to file an answer was not willful because Plaintiff had knowledge that he would not be in Pennsylvania to accept service, yet proceeded to send the summons and Complaint there. (ECF No. 10 at 3–4). Plaintiff counters that Defendant has engaged in "gamesmanship and efforts to evade service," and that it chose the Pennsylvania address in reliance on the service clause in Defendant Risberg's guaranty. (ECF No. 11 at 1–2). The guaranty states:

> [A]ll service of process in any proceeding in any Ohio State or United States Court sitting in the City of Columbus and County of Fanklin [*sic.*] may be made by certified or registered mail, return receipt requested, directed to the guarantor at its notice address, and servic [*sic.*] so made shall be complete upon receipt except that if the guarantor shall refuse to accept delivery, service shall be deemed complete five days after the same shall have been so mailed.

(ECF No. 1-6 ¶ 23b). Elsewhere in the guaranty, the "notice address" is defined to be the same Erie, Pennsylvania address to which Plaintiff mailed its service, unless a more "recent address, specified by written notice, [is] given to the sender." (*Id.* ¶ 16). Plaintiff asserts that it resorted to this service clause because, upon being notified that Defendant Risberg would not waive service, Plaintiff requested Defendant Risberg's new address from defense counsel but was never given that information. (ECF No. 11 at 2).

Plaintiff was entitled to rely on the guaranty's service clause, by which Defendant Risberg specifically and freely contracted to receive service at his Pennsylvania address. As such,

3

Defendant Risberg's failure to monitor or forward mail going to his Pennsylvania address, or to provide a new address for service upon request, displays at best a reckless disregard for judicial proceedings—and at worst an intentional effort to evade service.[1]

This factor weighs decisively in favor of Plaintiff. Nonetheless, the Sixth Circuit has held that culpable conduct alone is not sufficient to deny a motion to set aside default. In *Berthelsen v. Kane*, the court found the defendant did behave culpably by actively evading service, but it noted that "culpability is only one of three factors which the court must consider." 907 F.2d 617, 622 (6th Cir. 1990). The Court went on to state that, "[a]lthough we certainly do not condone the actions of the defendant," the plaintiff's failure to demonstrate prejudice and the availability of the meritorious defenses meant that "the entry of default . . . must be set aside," "notwithstanding the defendant's culpable behavior." *Id.*; *see also Wallace v. Interpublic Grp. of Cos.*, 2009 WL 1856543, at *12 (E.D. Mich. June 29, 2009) ("Even if Defendant had actual knowledge of the suit, and even if having such knowledge and not responding can be considered a willful default, it does not necessarily follow that the default should not be set aside."). Therefore, the Court must turn to the remaining two factors.

### B. Prejudice to Plaintiff

In order to meet the second element, Plaintiff must show prejudice beyond "[m]ere delay." *United Coin Meter*, 705 F.2d at 845. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and

---

[1] The Court does not rest its reasoning on Plaintiff's alternative argument regarding Rule 4. (ECF No. 11 at 3). While it is true that Federal Rule of Civil Procedure 4(d) imposes a "duty" on defendants "to avoid unnecessary expenses of serving the summons," subsection (2) further specifies that its cost-shifting remedy applies only to a defendant "located within the United States." Defendant Risberg's insistence on service was not problematic *per se*; rather, it is his refusal to accept service in the agreed-upon manner that renders his conduct reckless or evasive.

4

collusion." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (internal quotation marks omitted).

Here, Plaintiff has not raised any argument that it would face prejudice of such a nature. Plaintiff's opposition brief focuses solely on the other two factors (willful default and meritorious defenses), neglecting to address whether any prejudice would result from granting Defendant Risberg's Motion. Furthermore, as Defendant Risberg stated, the litigation is in its infancy, and his responsive pleading was only two weeks late when the Entry of Default was made. (ECF No. 10 at 4). Defendant Risberg proffered his Answer alongside the Motion and is "prepared to file it and move forward with the ligation." (ECF No. 12 at 2).

Due to Plaintiff's failure to state any prejudice, this factor weighs in favor of granting Defendant Risberg's Motion.

### C. Meritorious Defenses

Finally, the Court considers whether Defendant Risberg has a meritorious defense to Plaintiff's claims. Likelihood of success is not the test for whether a defense is meritorious; "rather, the criterion is merely whether 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Dassault Systemes*, 663 F.3d at 843 (quoting *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010)). "[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter*, 705 F.2d at 845. Thus, "the test is not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true." *Creditors Comm. of Park Nursing Ctr., Inc. v. Samuels*, 766 F.2d 261, 264 (6th Cir. 1985). A defense is sufficient to merit setting aside a default if it contains "even a hint of a suggestion

which, proven at trial, would constitute a complete defense." *INVST Fin. Group*, 815 F.2d at 399 (internal quotation marks omitted).

In his proposed answer, Defendant Risberg asserts twelve defenses, including: denial of allegations; failure to state a claim; statute of limitations; waiver, estoppel, and laches; failure to mitigate damages; impossibility of performance; commercial impracticability; frustration of purpose; valid excuse; insufficient service; and lack of personal jurisdiction. (ECF No. 10-1 at 5–7). Several of these defenses seem to relate to unforeseen hardships from Covid-19. (*Id.* ¶¶ 3, 17).

Plaintiff responds in its opposition brief that "Risberg specifically waived all defenses in the personal guaranty." (ECF No. 11 at 4). While this waiver clause may cover many, if not all, of the defenses asserted by Defendant Risberg, it is clear from the cases above that the standard for a "meritorious defense" is not overly demanding. Moreover, endorsing Plaintiff's argument would require the Court to presuppose the clause's applicability, enforceability, and effect. The Court is unwilling to say at this stage and on this record that *none* of Defendant Risberg's denials or affirmative defenses is "good at law." Therefore, this factor favors setting aside default and permitting Defendant Risberg to raise his defenses.

### III. CONCLUSION

Plaintiff has shown culpable conduct by Defendant Risberg in disregarding or avoiding service; but it has not shown that it would face prejudice in having the Entry of Default set aside or that Defendant Risberg lacks meritorious defenses under *Dassault Systemes*. The Court's strong preference for adjudication on the merits warrants setting aside default under these circumstances. Accordingly, Defendant Risberg's Motion to Set Aside Default (ECF No. 10) is **GRANTED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March   3, 2022**