IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOBSOHIO, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-3680 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| EMKEY ENERGY, LLC, *et al.*, | : | Magistrate Judge Elizabeth A. Preston Deavers |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before this Court on Plaintiff's Motions for Charging Orders. (ECF Nos. 32, 40). For the reasons set forth below, Plaintiff's Motions are **GRANTED**, and the following Charging Orders are entered: (1) against Defendant EmKey Energy, LLC with respect to its membership interests in EmKey Gathering, LLC and EmKey Gas Processing, LLC; and (2) against EmKey Gathering, LLC with respect to its membership interest in CGE Ventures, LLC.

**I. BACKGROUND**

Plaintiff JobsOhio is an Ohio non-profit corporation that engages in business attraction, retention, and expansion efforts aimed at driving job creation and new capital investment in the state. (ECF No. 27 ¶ 1). In 2017, RH energytrans, LLC ("RH"), an affiliate of Defendant EmKey Energy, LLC ("EmKey Energy"), requested financial assistance from Plaintiff to complete a natural gas pipeline called the Risberg Line. (*Id.* ¶ 2). Plaintiff and RH executed a loan agreement ("Loan Agreement") on or around November 20, 2017, under which Plaintiff provided $4 million to support the project. (*Id.* ¶ 12). Defendant EmKey Gathering, LLC ("EmKey Gathering") executed an unconditional guaranty for the loan. (*Id.* ¶¶ 2, 12). In addition, EmKey Gathering executed a Corporate Guaranty around the same time, in which it guaranteed payment of all

amounts owed to Plaintiff.  (*Id.* ¶ 14).  The pipeline project was ultimately successful, leading to new jobs and the option of natural gas in Ashtabula County.  (*Id.* ¶ 3).

On October 16, 2018, EmKey Gathering executed the First Amendment to the Corporate Guaranty.  (*Id.* ¶ 15).  Around the same time, EmKey Energy assumed and received assignment of the Loan Agreement and related obligations from RH.  (ECF No. 27 ¶ 16).  Plaintiff and EmKey Energy executed a First Amended and Restated Loan Agreement, and EmKey Energy executed a First Amended and Restated Promissory Note in the amount of $4 million, in favor of Plaintiff.  (*Id.* ¶ 18).  Defendant Øivind Risberg ("Risberg"), the Chief Executive Officer of EmKey Energy, also personally guaranteed EmKey Energy's loan obligations.  (*Id.* ¶ 19).  On June 30, 2019, EmKey Gathering executed an amendment to the Promissory Note and thereafter became obligated to Plaintiff for all amounts owed under it.  (*Id.* ¶ 20).

On March 23, 2020, Plaintiff and EmKey Energy executed an agreement under which payments due to Plaintiff would be deferred for six months due to the then-ongoing COVID-19 pandemic.  (*Id.* ¶ 21).  Although monthly loan payments were set to resume on October 1, 2020, EmKey Energy failed to make any payments after entering into this deferral agreement.  (*Id.* ¶¶ 21–22).  At the time Plaintiff filed the Amended Complaint, EmKey Energy owed $4,292,126.26 to Plaintiff—the accelerated amount due on the Loan Agreement and Promissory Note.  (*Id.* ¶ 22).  Plaintiff provided written notices of the loan defaults to Defendants and worked with them to try and resolve the dispute.  (ECF No. 27 ¶¶ 24–25).  These efforts were unsuccessful.  (*Id.*).

On June 21, 2021, Plaintiff filed the complaint that initiated this lawsuit.  (ECF No. 1).  EmKey Energy filed its answer on August 20, 2021.  (ECF No. 7).  Plaintiff later filed an Amended Complaint on August 23, 2022, alleging breach of the Loan Agreement and Promissory Note by

EmKey Energy, breach of the Personal Guaranty by Risberg, and breach of the Corporate Guaranty by EmKey Gathering.  (ECF No. 27).

On January 16, 2025, this Court entered a Consent Judgment and Order against Defendants EmKey Energy and EmKey Gathering, jointly and severally, in the amount of $4,958,905.32. (ECF No. 31 at 3).  This Court further ordered that judgment may be entered against Defendant Risberg if the uncured default exists upon the expiration of the December 31, 2025 Maturity Date. (*Id.*).  The next day, Plaintiff filed the Motion for a Charging Order—one of two Charging Order Motions currently under consideration.  (ECF No. 32).  In this motion, Plaintiff seeks "the right to receive any distribution" EmKey Energy otherwise would be entitled to from its membership interests in EmKey Gathering and EmKey Gas Processing, LLC ("EmKey Processing").  (ECF No. 32 at 2).  On February 7, 2025, the Defendants filed their Response in Opposition to this Charging Order Motion, and on February 21, 2025, Plaintiff filed its Reply.  (ECF Nos. 33, 34).

 On May 28, 2025, Plaintiff filed a Motion for a Writ of Garnishment.  (ECF No. 37).  The Magistrate Judge granted that motion on May 30, 2025.  (ECF No. 38).  Soon after, a second motion for a Charging Order was filed on June 2, 2025, as to EmKey Gathering's interest in CGE Ventures, LLC ("CGE Ventures").  (ECF No. 40).  That same day, Plaintiff provided additional evidence in support of its first Motion for a Charging Order.  (ECF No. 41).  Defendants filed Responses in Opposition to this second Charging Order and additional evidence on June 20, 2025. (ECF Nos. 51, 52).

Also in June 2025, third party Hallan Invest, SA ("Hallan") submitted a motion requesting leave to intervene for the limited purpose of participating in post-judgment proceedings, specifically the Writ of Garnishment.  (ECF No. 48).  In that motion, Hallan argues that intervention is the only way for it to protect assets to which it claims an interest superior to any

that Plaintiff may have. (*Id.* at 5). It points to proceedings in Texas, where the District Court of Harris County dissolved a writ of garnishment requested by Plaintiff and held that the bank in question had a prior and superior lien on the assets at issue. (*Id.* at 6).

On June 20, 2025, Defendants filed a Motion to Vacate the Garnishment Order. (ECF No. 53). Defendants refer to Texas garnishment proceedings to argue that Plaintiff's execution efforts are misguided given Hallan's interest in the assets. (*Id.* at 3).

On July 7, 2025, Plaintiff filed a Reply in support of its second Motion for a Charging Order, maintaining that the charging order should be granted regardless of Hallan's alleged interest. (ECF No. 55).

This Opinion addresses the motions seeking charging orders (ECF Nos. 32, 40) against EmKey Energy as to its ownership interests in EmKey Gathering and EmKey Processing, and against EmKey Gathering as to its membership interest in CGE Ventures.

## II.    STANDARD OF REVIEW

Upon a judgment creditor's application under Section 1706.342(A) of the Ohio Revised Code, "courts may charge the membership interest of [a] judgment debtor with payment of the unsatisfied amount of the judgment with interest." Ohio Rev. Code § 1706.342(A). A charging order is the "sole and exclusive remedy" by which a judgment creditor may satisfy a judgment out of the judgment debtor's membership interest in a limited liability company. *Id.* at § 1706.342(F); *HDDA, LLC v. Vasani*, 2025-Ohio-2000, ¶ 12 (Ohio Ct. App. 10th Dist.). It is "available to judgment creditors by virtue of a previously entered judgment in the creditor's favor." *Berns Custom Homes, Inc. v. Johnson*, 2021-Ohio-3033, ¶ 22 (Ohio Ct. App. 8th Dist.).

By obtaining a charging order against a member's interest in a limited liability company, a judgment creditor "garnishes the financial rights that attach to the interest." *Oxford Campus I,*

4

*LLC v. Michael*, 2024 WL 5343516, at *5 (Franklin Cnty., Ohio Ct. Common Pleas, Feb. 08, 2024) (citation and internal quotation marks omitted).  The issuance of a charging order is left to the "discretion" of the trial court.  *Campbell v. 1 Spring, LLC*, 2024-Ohio-308, ¶ 10 (Ohio Ct. App. 10th Dist.).

### III.    LAW & ANALYSIS

Plaintiff requests that this Court issue orders charging EmKey Energy's membership interests in EmKey Gathering and non-party EmKey Processing, as well as EmKey Gathering's membership interest in CGE Ventures, with payment of the unsatisfied balance of the Consent Judgment Amount with interest.  (ECF Nos. 32 at 2; 40 at 1).  For an order granting Plaintiff's Motion for a Charging Order to be proper, EmKey Energy must have membership interests in EmKey Gathering and EmKey Processing, and EmKey Gathering must have a membership interest in CGE Ventures.  *See* Ohio Rev. Code § 1706.342(A).  Plaintiff considers EmKey Gathering and EmKey Processing to be wholly owned subsidiaries of EmKey Energy, based on language found on Defendant EmKey Energy's own website.  (ECF No. 32).  Meanwhile, EmKey Energy simply describes both as "affiliate entities."  (ECF No. 33 at 1).

This Court will analyze charging orders against EmKey Energy vis-à-vis its membership interests in EmKey Gathering and EmKey Processing, and against EmKey Gathering vis-à-vis its membership interest in CGE Ventures, in turn.

### A.  EmKey Energy's Membership Interests

First, this Court considers Plaintiff's initial charging order request, which seeks "the right to receive any distribution or distributions to which [EmKey] Energy would otherwise be entitled to receive because of its membership interests in [EmKey] Gathering and [EmKey Processing]." (ECF No. 32 at 2).  Defendant EmKey Energy argues in opposition that:  (1) its membership

interest in EmKey Gathering cannot be charged as it has "long-since been assigned to a prior lender"; and (2) all of EmKey Processing's "assets are encumbered by prior liens and it has never operated at a profit," thus, "EmKey has never received distributions from EmKey Processing by virtue of its membership interest in that entity, and does not anticipate ever receiving a distribution," such that any charging order regarding EmKey Processing "would be practically worthless." (ECF No. 33 at 1–2).

In essence, both of EmKey Energy's arguments ask this Court to scry the uncertain future at EmKey Energy's behest. Such arguments are unavailing. This Court agrees with Plaintiff that any purported assignment "does not prevent the Court from issuing a charging order" with respect to EmKey Gathering; EmKey Energy "cannot avoid a charging order by . . . positing its opinion" on the value of a membership interest in EmKey Processing; and that lien priorities are not relevant as to the question of whether a charging order is warranted. (ECF No. 34 at 1–2).

## 1. *EmKey Gathering*

EmKey Energy suggests that no charging order can be issued against its membership interest in EmKey Gathering because this equity interest was pledged in 2011 to Amegy—and then later transferred from Amegy to Hallan—such that Hallan has been assigned the entirety of EmKey Energy's membership interest in EmKey Gathering as part of consideration for loans. (ECF No. 33 at 3–5). Despite this assertion that it "has no membership interest in EmKey Gathering," (ECF No. 33 at 4–5), EmKey Energy is incorrect. It ultimately does, even if it presently has assigned that interest to Hallan. (*See* ECF No. 33-1 at ¶¶ 3–7, 10; 33-2 at ¶¶ 3–7). EmKey Energy's partial citation of the operative Ohio statute on charging orders, (ECF No. 33 at 5 (quoting Ohio Rev. Code § 1706.342(A)) crucially omits the latter part of subsection (A) of the statute, which clarifies that a judgment creditor's right to receive distributions under a charging order only reaches the

distributions that the judgment debtor defendant "would otherwise be entitled in respect of the membership interest."  Ohio Rev. Code § 1706.342(A).

Even if EmKey Energy is not poised to receive immediate distributions from EmKey Gathering, Plaintiff is entitled to a charging order.  That is because "[t]he *priority* of the charging order lien vis-à-vis other creditor claims against the judgment debtor is a matter governed by other law."  1 Ribstein and Keatinge on Ltd. Liab. Cos. § 10:32 (June 2025 Update) (emphasis added).  Courts issuing charging orders need not determine the "priority" of the order "over the judgment debtor's other creditors or lienholders," because "a hypothetical priority dispute in the future is not sufficient reason to prohibit the Court from entering such an order."  *Big Sandy Co. v. Am. Carbon Corp.*, 2024 WL 5250401, at *4 (E.D. Ky. Dec. 30, 2024) (applying Kentucky's charging order statute, Ky. Rev. Stat. § 275.260(3)); *see Campbell*, 2024-Ohio-308, ¶ 8 (the judgment creditor gains the right to receive distributions "*to which the assignor would have been entitled*") (emphasis added); *cf. State ex rel. Goldschmidt v. Triggs*, 2024-Ohio-3225, at ¶¶ 3, 5 (Ohio) (suggesting charging orders may still be issued when the record is "unclear" about the percentage interest held by the judgment debtor).

Thus, assuming (without deciding) that EmKey Energy is correct and its membership interest is currently assigned to Hallan, Plaintiff is still entitled to charge EmKey Energy's membership interest—even if EmKey Energy presently is not receiving any distributions.  Under these circumstances, such a charging order would—at a minimum—ensure that EmKey Energy could not obtain a distribution for itself at some point in the future without first satisfying its debt to Plaintiff.  *See JPMorgan Chase Bank, N.A. v. Winget*, 2022 WL 2389287, at *8 (6th Cir. July 1, 2022) (applying Michigan's charging order statute, Mich. Comp. Laws §450.4507(1)–(2)).  Accordingly, Plaintiff is entitled to a charging order with respect to EmKey Gathering.

*2. EmKey Processing*

Next, EmKey Energy concedes that it "still retains its membership interest in EmKey Processing," but argues that its "membership interest is of little value" in light of "prior and superior liens" on EmKey Processing's assets, and the fact that EmKey Processing has never operated at a profit or had a distribution to EmKey Energy. (ECF No. 33 at 5). This argument is irrelevant. As previously noted, the existence of other liens does not invalidate a requested charging order. 1 Ribstein and Keatinge on Ltd. Liab. Cos. § 10:32 (June 2025 Update); *see Big Sandy Co.*, 2024 WL 5250401, at *4. Just because EmKey Energy has not received a distribution in the past does not mean it may not receive a distribution in the future. This Court need not consider EmKey Energy's arguments about the *prospective* financial viability of EmKey Processing, or credit its essentially self-serving (and caveated) claim that it "does not foresee ever receiving a distribution from EmKey Processing" given EmKey Processing's "*current state*." (ECF No. 33 at 6; *see* 33-2 at ¶¶ 14–16) (emphasis added). As EmKey Energy implicitly concedes, conditions may change in the future, and EmKey Energy may one day receive a distribution from EmKey Processing. EmKey Processing's present state has no bearing on Plaintiff's right to a charging order as against EmKey Energy's membership interest in it.

Future questions as to whether EmKey Energy will ever be entitled to distributions from EmKey Gathering, or whether EmKey Energy will ever actually get a distribution from EmKey Processing, are likely more relevant for a bankruptcy court to determine. *Big Sandy Co.*, 2024 WL 5250401, at *4 ("[P]riority issues are typically reserved for bankruptcy court."). Plaintiff is entitled to receive the distributions that EmKey Energy "*would otherwise be entitled* in respect of [its] membership interest." Ohio Rev. Code § 1706.342(A) (emphasis added).

Accordingly, Plaintiff is entitled to a charging order as to EmKey Processing.

### B.  EmKey Gathering's Membership Interest

Last, this Court considers Plaintiff's sought charging order against EmKey Gathering's membership interest in CGE Ventures.  (ECF Nos. 40 at 1; 40-1 at 5).  For substantially the same reasons set forth in its analysis of EmKey Energy's membership interest in EmKey Gathering, this Court concludes that it is permitted to issue a charging order against EmKey Gathering's membership interest in CGE Ventures.

### 1.  *CGE Ventures*

EmKey Gathering argues that Plaintiff's motion for a charging order should be denied "[b]ecause there is no avenue for JobsOhio to avoid Hallan Invest's superior interest," (ECF No 52 at 1), advancing the same argument it made previously regarding EmKey Energy's membership interest in EmKey Gathering—that here, EmKey Gathering's membership interest in CGE Ventures cannot be charged since it was assigned to Hallan.  (ECF No. 52 at 4).

Plaintiff argues that deposition testimony of EmKey Energy's CFO Kevin Farrell and CEO Øivind Risberg undermine Defendants' purported assignment of the EmKey Gathering membership interest, though there is some apparent uncertainty between the parties as to what, exactly, Mr. Risberg said.  (*Compare* ECF Nos. 41 at 1 *with* 41-2 at 4; *see also* ECF No. 51).  Plaintiff also argues that EmKey Gathering is attempting to dictate its creditor's priority, and that EmKey Gathering improperly characterizes a lien as an assignment.  (ECF No. 55 at 4).

This Court need not determine the nature of the purported assignment of EmKey Gathering's membership interest at this juncture, as it agrees with Plaintiff that even if EmKey Gathering's membership interest was assigned, such an assignment would not bar a charging order pursuant to Ohio Rev. Code § 1706.342(A).  (ECF No. 55 at 7–9).  Given that judgment has been issued, Plaintiff is entitled to a charging order granting it a right to the judgment debtor's

membership-interest distributions. *See JPMorgan Chase Bank, N.A.*, 2022 WL 2389287, at *6; *Big Sandy Co.*, 2024 WL 5250401, at *4; *Campbell*, 2024-Ohio-308, ¶ 8.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Charging Orders (ECF Nos. 32, 40) are **GRANTED**. Charging Orders are entered against: (1) Defendant EmKey Energy, charging EmKey Energy's membership interests in EmKey Gathering and EmKey Processing, and (2) against Defendant EmKey Gathering, charging EmKey Gathering's membership interest in CGE Ventures.

EmKey Gathering, LLC and EmKey Gas Processing, LLC are hereby charged to pay JobsOhio all sums, distributions, draws, financial entitlements, or other financial interests of Defendant EmKey Energy, LLC due or owed now or in the future to Defendant EmKey Energy on account of its direct or indirect interest in EmKey Gathering, LLC or EmKey Gas Processing, LLC as of the date of this order and in the future, including amounts sufficient to satisfy the Consent Judgment Amount (*i.e.*, $4,958,905.32) and accrued interest.

CGE Ventures, LLC is hereby charged to pay JobsOhio all sums, distributions, draws, financial entitlements, or other financial interests of Defendant EmKey Gathering, LLC due or owed now or in the future to Defendant EmKey Gathering, LLC on account of its direct or indirect interest in CGE Ventures, LLC as of the date of this order and in the future, including amounts sufficient to satisfy the Consent Judgment Amount (*i.e.*, $4,958,905.32) and accrued interest.

EmKey Gathering, LLC, EmKey Gas Processing, LLC, and CGE Ventures, LLC are charged to recognize and honor the judgment against Defendants EmKey Energy, LLC and EmKey Gathering, LLC in favor of JobsOhio until that judgment is fully satisfied.

This Court will schedule a status conference to discuss resolution of the pending motions.

(ECF Nos. 42, 48, 53).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 30, 2025**

11