IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOBSOHIO, | : |
| | : Case No. 2:21-cv-3680 |
| Plaintiff, | : |
| | : Judge Algenon L. Marbley |
| v. | : |
| | : Magistrate Judge Elizabeth A. Preston Deavers |
| EMKEY ENERGY, LLC, *et al.*, | : |
| | : |
| Defendants. | : |

**OPINION & ORDER**

This matter is before the Court on Defendants EmKey Energy, LLC's and EmKey Gathering, LLC's Motion (ECF No. 42) requesting a hearing, a hearing continuance, and remote witness attendance; and Hallan Invest, SA's Motion to Intervene "for the limited purpose of participating in post-judgment proceedings." (ECF No. 48 at 1). Plaintiff JobsOhio opposed Hallan's Motion to Intervene. (ECF No. 56). For the reasons set forth below, Hallan's Motion to Intervene is **GRANTED**, and Defendants' Motion is **DENIED as MOOT**.

I.  BACKGROUND

Plaintiff JobsOhio is an Ohio non-profit corporation that engages in business attraction, retention, and expansion efforts aimed at driving job creation and new capital investment in the state. (ECF No. 27 ¶ 1). In 2017, Plaintiff provided a $4 million loan to an affiliate of EmKey Energy to support a natural gas pipeline project, and now both EmKey Energy and EmKey Gathering are on the hook for repayment. (*Id.* ¶¶ 2, 12, 14–16, 18, 20–22).

JobsOhio sued in 2021, and on January 16, 2025, this Court entered a Consent Judgment and Order against Defendants EmKey Energy and EmKey Gathering, jointly and severally, in the amount of $4,958,905.32. (ECF No. 31 at 3). Following this Judgment, Plaintiff sought charging

orders—first against EmKey Energy's interest in distributions it would otherwise receive from EmKey Gathering and EmKey Gas Processing, LLC, and next against EmKey Gathering's interest in distributions from CGE Ventures, LLC. (ECF Nos. 32 at 2; 40). This Court granted the requested charging orders in September. *JobsOhio v. EmKey Energy, LLC*, 2025 WL 2780920, at *5 (S.D. Ohio Sept. 30, 2025) (Marbley, J.) (ECF No. 60).

On May 28, 2025, Plaintiff filed a Motion for a Writ of Garnishment, requesting an order of garnishment against EmKey Energy and EmKey Gathering in their capacity as judgment debtors. (ECF No. 37 at 1). The order would target two bank accounts at JP Morgan Chase—one for each of the judgment debtors. (ECF No. 37-1 at 1). The Magistrate Judge granted that motion on May 30, and scheduled the matter for a tentative hearing on June 18, 2025. (ECF No. 38 at 1). On June 4, EmKey Energy and EmKey Gathering responded to the magistrate judge's garnishment order, requesting a hearing on garnishment, a continuance of the garnishment hearing that was tentatively scheduled for June 18, and the ability to call witnesses remotely at the requested hearing. (ECF No. 42 at 1–2).[1] On June 11, the magistrate judge held a telephonic status conference, confirmed that the Court would hold a garnishment hearing on June 18, and required that interested third parties file motions to intervene by June 16.

Accordingly, on June 16, 2025, third party Hallan Invest, SA submitted the instant motion requesting leave to intervene for the limited purpose of participating in post-judgment proceedings. (ECF No. 48). In light of the motion to intervene, the magistrate judge vacated the garnishment hearing scheduled for June 18 and noted that the district judge would address post-judgment proceedings. (ECF No. 50). Shortly thereafter, on June 20, Defendants filed a Motion to Vacate

---

[1] No opposition to this motion was ever filed.

the Garnishment Order.  (ECF No. 53).  Plaintiff opposed Hallan's motion to intervene on July 7, and Hallan replied on July 21.  (ECF Nos. 56; 59).

This Opinion addresses Hallan's Motion to Intervene (ECF No. 48) and the related Motion regarding a garnishment hearing (ECF No. 42).

## II. STANDARD OF REVIEW

Hallen seeks to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), and in the alternative, seeks permission to intervene under Rule 24(b).  Rule 24(a) mandates that courts "must permit anyone to intervene who":  (1) makes a "timely" motion; (2) "claims an interest relating to the property or transaction that is the subject of the action"; (3) has interests that cannot be "adequately represent[ed]" by "existing parties"; and (4) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest."  Fed. R. Civ. P. 24(a)(2); *see Grainger v. Ottawa Cnty.*, 90 F.4th 507, 513 (6th Cir. 2024) (quoting *Coal. to Def. Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2006) (characterizing the requirements of Rule 24(a)(2) as a four-factor test)).

By contrast, Rule 24(b) provides that courts "may permit anyone to intervene who" makes a "timely" motion and "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Courts also consider undue delay and prejudice to the original parties, *id.* 24(b)(3), as well as any other relevant factors when evaluating permissive intervention.  *Bell v. Kasich*, 2017 WL 3172778, at *5 (S.D. Ohio July 25, 2017).  Other relevant factors can include the Rule 24(a)(2) intervention-as-of-right factors.  *Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754, 759 (6th Cir. 2018).

### III. LAW & ANALYSIS

Hallan desires to participate in post-judgment proceedings between JobsOhio, EmKey Energy, and EmKey Gathering, claiming that it holds a senior interest to the bank account assets that JobsOhio seeks to garnish. (ECF No. 48 at 1). Hallan seeks to intervene as of right and, in the alternative, requests the Court permit intervention. (*Id.* at 7). JobsOhio opposes. Apparently, there is no dispute as to whether Hallan should be able to intervene regarding EmKey Gathering's bank account assets, (ECF Nos. 59 at 1; 56 at 5), although Hallan and JobsOhio disagree as to whether Hallan should be able to intervene with respect to EmKey Energy's bank account assets, (ECF No. 56 at 1).

#### A. Intervention as of Right

Courts construe the right to intervene broadly in favor of the movant, and if all four factors of Rule 24(a)(2) are established, "this generally favorable construction transforms into a mandatory allowance of intervention." *Estate of Lewis v. City of Columbus*, 2025 WL 3120050, at *4 (6th Cir. Nov. 7, 2025). Here, Hallan has established that its motion to intervene was timely, it has a substantial legal interest in the subject matter of this case, and that its interests would not be adequately represented by the present parties. However, it has not established that its interests would be impaired absent mandatory intervention, and thus the Court denies Hallan's motion to intervene as of right.

##### 1. Timeliness

First, the Court considers the timeliness of the motion to intervene, evaluating "all relevant circumstances." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). The following circumstances are relevant to timeliness: (1) the progression of the suit; (2) the purpose for intervention; (3) the amount of time before attempted intervention during which the intervening

4

party was aware of its potential interest in the case; (4) prejudice to the original parties that could arise as a result of the intervenor's failure to intervene promptly upon discovering its interest; and (5) any unusual circumstances weighing in favor or against. *Alsaada v. City of Columbus*, 2021 WL 1720999, at *2 (S.D. Ohio Apr. 30, 2021) (Marbley, J.) (citing *Jansen*, 904 F.2d at 340).

Here, JobsOhio sought garnishment on May 28, and the magistrate judge issued a garnishment order on May 30, with a hearing scheduled for June 18. (ECF No. 38 at 1). EmKey Energy and EmKey Gathering requested a hearing and sought a continuance on June 4. (ECF No. 42). On June 11, the magistrate judge set June 16 as the final day for "[a]ny interested third-party [to] file an appropriate motion to intervene." (ECF No. 45 at 1). Hallan's motion to intervene was duly filed on June 16. (ECF No. 48). Given that Hallan intervenes to "protect[] assets to which it claims an interest superior to that of JobsOhio" following JobsOhio's request for garnishment, the Court finds that Hallan's request was timely in light of the progression of the litigation, the intervention's purpose, the short period of time between the order granting JobsOhio's motion for a writ of garnishment and when Hallan moved to intervene (within the timeframe specified by the magistrate judge), and the fact that there does not appear to be any prejudice to JobsOhio or the Defendants by the timing of Hallan's requested intervention. (*See* ECF No. 48 at 5). Tellingly, JobsOhio raises no argument regarding timing. Hallan's motion is timely.

### 2. Legal Interest

Second, the Court considers whether the intervenor has a substantial legal interest in the subject matter of the case. The legal interest is understood expansively, but it must be "significantly protectable"—and "property rights are the 'most elementary type' of protectable interest." *Grainger*, 90 F.4th at 513–14 (citations and internal quotation marks omitted).

5

JobsOhio seeks to garnish two Chase bank accounts—one account for EmKey Energy and another account for EmKey Gathering. (ECF No. 37-1 at 1). Now, Hallan argues that it has a substantial legal interest in the funds in those accounts because the funds are encumbered by a prior interest—assigned to Hallan—that is superior to any interest belonging to JobsOhio. (ECF No. 48 at 6). Hallan points to a prior order of the District Court of Harris County, Texas, which determined that Amegy Bank, the assignor of Hallan's interest, "has a first and superior lien on any EmKey assets." (ECF Nos. 48-4; 48 at 6–7). Hallan's argument in its motion is muddled, as the Texas court appeared to only be addressing Amegy's (now assigned) interest in EmKey Gathering. (ECF No. 48-4; *see* ECF Nos. 48-1, 48-2, 48-3). Hallan initially referred to both EmKey *Energy* and EmKey *Gathering* as "EmKey" and did not distinguish between the two in its initial motion, arguing that it has an "interest in the bank account" *singular*, (ECF No. 48 at 7), when JobsOhio sought to garnish bank accounts *plural*. (ECF No. 37-1 at 1) (referencing bank accounts for both EmKey Energy and EmKey Gathering).

JobsOhio challenges Hallan's asserted legal interest only in part. Specifically, JobsOhio argues that Hallan does not have an interest in any EmKey *Energy* bank account, while appearing to concede that Hallan has an interest in the EmKey *Gathering* bank account in question sufficient for intervention. (ECF No. 56 at 1–4).

Hallan's reply clarifies its interest and the distinction between EmKey Energy and EmKey Gathering. Hallan submits a Guaranty Agreement purporting to show that, on September 4, 2018, EmKey Energy agreed to be "liable for the full payment and performance of the Obligations [of EmKey Gathering] as a primary obligor." (ECF No. 59-1 ¶ 2). Therefore, according to Hallan, "because EmKey Energy is a primary obligor under the Guaranty Agreement to EmKey Gathering's obligations to Hallan, as the assignee of the Amegy Loan, Hallan has a superior interest

6

in EmKey Energy's assets, at least up to the amount of Hallan's interest in EmKey Gathering's assets." (ECF No. 59 at 2). Under this view, EmKey Energy is a guarantor—and under the reasoning of an Ohio First District Court of Appeals case, potentially a surety—of the obligations owed by EmKey Gathering to Hallan. (*Id.* at 4 (citing *Huntington Nat'l Bank v. Schneider*, 2023-Ohio-4813, ¶¶ 16–20 (Ohio Ct. App. 1st Dist.)).

For the purposes of this motion, this Court need not determine whether EmKey Energy is a surety of EmKey Gathering's obligations to Hallan,[2] because EmKey Energy certainly is a guarantor of EmKey Gathering's obligations under the Guaranty Agreement. Hallan, as the apparent assignee of Amegy's rights with respect to EmKey Energy and EmKey Gathering, unquestionably has a substantial legal interest in EmKey Energy's bank account. This bank account contains funds that could satisfy EmKey Energy's responsibility as a "primary obligor" under the Guaranty Agreement for the "payment and performance of the Obligations" of EmKey Gathering now owed to Hallan. (ECF No. 59-1 ¶2). If Hallan is the assignee of the lender Amegy, EmKey Energy appears liable to Hallan by virtue of its guaranty of EmKey Gathering's debt to Amegy. This substantial legal interest is the type of protectable property interest that allows for intervention. *Cf. Zeeb Holdings, LLC v. Johnson*, 338 F.R.D. 373, 378 (N.D. Ohio 2021) (finding a substantial legal interest where a security agreement, as a legal document, "affect[ed] legal rights," and noting that a movant "need not prove that it will win its case to intervene"); *Matthews v. Educ. Credit Mgmt. Corp.*, 449 B.R. 265, 272 (E.D. Ky. 2011) (finding a substantial legal interest for the assignee of a loan guarantor); *see generally* Caleb Nelson, *Intervention*, 106 Va. L. Rev.

---

[2] The continuing viability of the Ohio First District Court of Appeals' reasoning in *Huntington Nat'l Bank* is, at best, questionable. In that same case, the Ohio Supreme Court reversed the Ohio First District Court of Appeals on separate grounds. The state high court considered and expressly declined to address whether, under Ohio law, the use of "Guaranty" language can actually create a suretyship. *Huntington Nat'l Bank v. Schneider*, 2025-Ohio-2920, ¶¶ 12, 19 (Ohio).

7

271, 295 (2020) (observing that the Sixth Circuit's approach to the interest required for intervention as-of-right is not very restrictive). Hallan has shown that it holds a substantial legal interest in the subject matter of this case.

### 3. Representation of Legal Interest

Third, the Court considers whether Hallan's legal interests would be adequately represented by the parties to the action absent Hallan's intervention. "The movant's burden of showing inadequate representation is 'minimal.'" *Mandan, Hidatsa & Arikara Nation v. U.S. Dep't of the Interior*, 66 F.4th 282, 285 (D.C. Cir. 2023) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)); *Estate of Lewis*, 2025 WL 3120050, at *9. Indeed, the proposed intervenor must only demonstrate that the representation of its interests by the existing parties *may* be inadequate. *Alsaada*, 2021 WL 1720999, at *4.

Hallan's interests are clearly opposed to JobsOhio. They each claim entitlement to certain of EmKey Energy's funds at Chase. (*Compare* ECF No. 59 at 1–2 *with* ECF No. 56 at 2). While EmKey Energy and EmKey Gathering may share Hallan's interest in defending against JobsOhio's sought garnishment, the interests of EmKey Energy and EmKey Gathering may not "align" with the interests of Hallan entirely, and given the fact that both EmKey Energy and EmKey Gathering are indebted to Hallan, it is feasible that their interests would diverge. *Alsaada*, 2021 WL 1720999, at *4; *accord Estate of Lewis*, 2025 WL 3120050, at *9 ("The circumstances demonstrate that the [Defendant's] defense possibly will be inadequate to protect [the movant's] substantial legal interests."). That risk exists even despite an apparently warm "relationship" between Hallan and "the principals of EmKey." (ECF No. 48 at 3). EmKey Energy and EmKey Gathering have separate legal obligations to Hallan that apparently conflict with the legal rights JobsOhio seeks to assert pursuant to this Court's Consent Judgment and Order. (*See* ECF Nos. 31; 59-1). Thus, the

8

Court cannot say that EmKey Energy and EmKey Gathering would adequately represent Hallan's interests.

### 4.  Impairment of Legal Interest

Fourth, the Court considers whether the intervenor has demonstrated that its "interest may be impaired in the absence of intervention." *Coal. to Defend Affirmative Action*, 501 F.3d at 779. The Sixth Circuit has characterized the burden of showing this factor as "minimal" such that the movant need only show that it would be "at a practical disadvantage in protecting its interest." *Grainger*, 90 F.4th at 516 (citations and internal quotation marks omitted).  At the same time, the requirement is not irrelevant, and practical disadvantage means more than having to file a separate suit to vindicate legal rights.  Where "intervenors [can] press their claims in separate litigation, their interests [are] not . . . impaired absent intervention." *Id.*  This is where Hallan's motion for intervention as of right under Rule 24(a)(2) fails.

Hallan advances two arguments that its legal interests would be impaired if it cannot intervene—first, because "it [would] be forced to sue JobsOhio for the return of the funds—and it risks a finding that it waived its rights by not intervening," and second, because it will have "no practical way" to protect its interest.  (ECF No. 48 at 6–7).

These arguments are insufficient, and they do not mean that Hallan's legal interests would be legally impaired.  Hallan does not explain why it would be "forced" to sue JobsOhio for the return of funds should the two bank accounts be garnished.  It does not show how it could waive its legal interests by failing to satisfy the requirements of intervention as of right.  And it does not specify why it would lack another "practical" way to protect its interests.  In fact, Hallan's arguments are contradictory.  Hallan does not explain how otherwise needing to engage in litigation to vindicate its legal rights as a general matter necessitates intervention.  Certainly, the

very fact that Hallan could initiate separate litigation would mitigate any waiver concerns and provide a practical way for Hallan to protect its interest. Hallan's arguments here are conclusory and insufficient to establish that it has any legal interest that would be impaired by any decision of this Court absent intervention, such that Hallan would otherwise have "insufficient means by which to protect against such impairment." *In re Family Christian, LLC*, 530 B.R. 417, 425 (W.D. Mich. Bankr. 2015). If Hallan's motion to intervene were denied and JobsOhio received all its sought relief, Hallan would not be "*bound by a decision* and left with *no opportunity for appeal*." *Liberte Cap. Grp., LLC v. Capwill*, 126 F. App'x 214, 220 (6th Cir. 2005) (emphasis in original).

Any decision that might vindicate JobsOhio's asserted right to garnish the assets of EmKey Energy or EmKey Gathering held by Chase would not be binding or preclusive on Hallan, and Hallan could seek to vindicate its claimed rights separately, as Hallan itself recognized when it argued that if it cannot intervene, "it subsequently will be forced to sue JobsOhio for the return of the funds." (ECF No. 48 at 6). That admission alone is fatal to Hallan's argument that Hallan's legal interests would be impaired absent intervention. *See Grainger*, 90 F.4th at 516. Thus, Hallan defeats its own case for intervention as a matter of right.

### B. Permissive Intervention

The Court now turns to consider whether Hallan should be permitted to intervene under Rule 24(b). District courts have discretion to grant permissive intervention where: (1) the motion is timely; and (2) the movant shows that it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Courts also must consider whether such intervention would unduly delay or prejudice the adjudication of the original parties' rights. *Id.* 24(b)(3). And although the Court has determined that Hallan does not have a right to intervene under Rule 24(a)(2), *see* Section III.A, *supra*, the Court may consider the previous intervention-

10

as-of-right factors, or other relevant factors, in evaluating whether to allow Hallan to intervene. *See Bay Mills*, 720 F. App'x at 759; *Bell*, 2017 WL 3172778, at *5.

First, the Court already determined that Hallan's motion to intervene is timely under Rule 24(a)(2), *see* Section III.A.1, *supra*, and nothing in that analysis changes here for permissive intervention. *Shy v. Navistar Int'l Corp.*, 291 F.R.D. 128, 138 (S.D. Ohio 2013). Second, the Court is satisfied that Hallan holds a claim that shares a "common question of law or fact" with JobsOhio's garnishment action. Fed. R. Civ. P. 24(b)(1)(B). Hallan alleges that it has a "superior right to the assets" that JobsOhio seeks to garnish. (ECF No. 48 at 7–8). It asserts this interest through EmKey Energy's Guaranty Agreement with Amegy, which was assigned to Hallan. (ECF Nos. 59 at 1–2; 59-1 ¶2). This is enough to demonstrate a common question—the priority right to the funds at Chase—as any adjudication of JobsOhio's sought garnishment could impact how Hallan seeks to vindicate its purported rights under the Guaranty Agreement.

Third, the Court agrees with Hallan that permitting intervention would serve judicial economy, and that there is no risk of undue delay or prejudice where Hallan's motion for intervention was in the time prescribed by the magistrate judge and the EmKey Energy and EmKey Gathering timely raised the issue of Hallan's interests. (ECF No. 48 at 7–8; *see* ECF Nos. 45 at 1; 42 at 1–2). The Court understands JobsOhio's concern that EmKey Energy and EmKey Gathering may be incentivized to "obstruct and delay" JobsOhio's attempt to collect on its judgment, (ECF No. 56 at 2), but the Court cannot say that Hallan's attempt to intervene to protect its own legal interest is obstruction or delay attributable to any of the judgment debtors. Hallan's asserted legal interest in the property at issue, and the evident possibility that no party to the garnishment would adequately represent Hallan's interest, are additional relevant factors that militate in favor of permissive intervention.

11

Thus, although Hallan's requested intervention is not mandatory under Rule 24(a), the Court will permit Hallan to intervene under Rule 24(b) "for the limited purpose of participating in post-judgment proceedings brought by Plaintiff JobsOhio against Defendants EmKey Energy, LLC and EmKey Gathering, LLC," in light of Hallan's claimed senior interest in bank account assets. (ECF No. 48 at 1, 6–7; ECF No. 49 at 2–4).

## IV. CONCLUSION

For the foregoing reasons, Hallan's Motion to Intervene is **GRANTED**. The Court finds that a telephonic status conference would be proper now that Hallan has been permitted to intervene. The Motion (ECF No. 42) filed by EmKey Energy and EmKey Gathering regarding the garnishment hearing set for June 18 is **DENIED as MOOT**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: December 4, 2025**